UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIKTORIYA KUCHIRKO<br><br>           Plaintiff,<br><br>    v.<br><br>BARCLAYS BANK<br>DELAWARE<br><br>           Defendant. | 08-CV-02179 |

## ANSWER TO COMPLAINT

Defendant Barclays Bank answers Plaintiff's Complaint and asserts its defenses. In response to all paragraphs of Plaintiff's Complaint, Defendant denies each and every allegation except as expressly admitted. Defendant replies specifically to Plaintiff's averments as follows:

### INTRODUCTION

1. Defendant admits that Plaintiff purports to bring an action under the FCRA. All remaining allegations in paragraph 1 are denied.

### JURISDICTION AND VENUE

2. Defendant admits that Plaintiff purports to bring an action under the FCRA. All remaining allegations in paragraph 2 are denied.

3. Defendant admits that venue is proper in the Southern District of New York. All remaining allegations in paragraph 3 are denied.

4. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 4.

5. Defendant admits that it is a bank with its main office in 100 S. West Street, Wilmington, DE 19801. All remaining allegations in paragraph 5 are denied.

## FACTS

6. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 6.

7. Because Plaintiff did not include Exhibit A with her complaint, Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 7.

8. Because Plaintiff did not include Exhibit A with her complaint, Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 8.

9. Defendant admits that it submits requests to a consumer reporting agency respecting information contained in consumer reports possessed by the agency that satisfy certain pre-selected criteria. All remaining allegations in paragraph 9 are denied.

10. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 10.

11. Denied.

12. Denied.

13. Denied.

14. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 14.

15. Defendant admits that the FCRA contains a definition of "consumer report" in 15 U.S.C. § 1681a(d), and refers to the statute for that definition.

16. Defendant admits that the FCRA contains a definition of "consumer reporting agency" in 15 U.S.C. § 1681a(f), and refers to the statute for that definition.

17. Defendant admits that the FCRA, 15 U.S.C. § 1681b, identifies certain circumstances in which a consumer reporting agency may furnish a consumer report, and refers to the statute for its contents. All remaining allegations in paragraph 17 are denied.

18. Defendant admits that the FCRA, in 15 U.S.C. § 1681e(a), contains certain requirements respecting certifications as to permissible purposes, and refers to the statute for its contents. All remaining allegations in paragraph 18 are denied.

19. Defendant admits that the FCRA, in 15 U.S.C. §§ 1681b(a)(3)(A) & (c), identifies certain circumstances in which a consumer reporting agency may furnish a consumer report, and refers to the statute for its contents. All remaining allegations in paragraph 19 are denied.

20. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 20.

21. Defendant Barclays Bank, the only defendant named in this action, lacks sufficient knowledge or information to admit or deny the allegations in paragraph 21.

22. Defendant Barclays Bank, the only defendant named in this action, admits.

23. Defendant Barclays Bank, the only defendant named in this action, admits.

24.     Defendant Barclays Bank, the only defendant named in this action, admits.

## VIOLATIONS ALLEGED

25.     Denied.

26.     Denied.

27.     Defendant admits that the FCRA provides for liability for "willful noncompliance" in 15 U.S.C. § 1681n, and refers to the statute for the complete provision.

28.     Defendant admits that the FCRA, in 15 U.S.C. § 1681p, contains a grant of jurisdiction and a statute of limitations, and refers to the provision for its contents.

## ADDITIONAL DEFENSES

As additional defenses, Defendant states:

## FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

All acts or omissions of Defendant were at the time of conduct or omission done in good faith conformity with the FCRA, its rules, regulations and interpretations.

## THIRD DEFENSE

The claims alleged in the complaint are barred by the doctrines of waiver, estoppel, and/or consent.

## FOURTH DEFENSE

The claims alleged in the complaint are barred by the doctrine of laches.

## FIFTH DEFENSE

The claims alleged in the complaint are barred by the doctrine of unclean hands.

## SIXTH DEFENSE

The claims alleged in the complaint are barred by the doctrine of mistake.

## SEVENTH DEFENSE

Upon information and belief, Plaintiff lacks standing to pursue her claim.

## EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part because the alleged injuries were caused solely by the acts or omissions of others over which the Defendant had no control.

## NINTH DEFENSE

Plaintiff's claims are barred because other parties not named in the Complaint may be indispensable parties to this action.

## TENTH DEFENSE

Plaintiff has not suffered any injury or harm as a result of the allegations in the Complaint.

## ELEVENTH DEFENSE

If Plaintiff suffered cognizable damages (which damages are denied), these damages resulted from causes other than any alleged act or omission by the Defendants.

## TWELFTH DEFENSE

Plaintiff is estopped by her own conduct from obtaining relief on her claims.

## THIRTEENTH DEFENSE

Defendant reserves the right to identify additional defenses as they may become apparent through discovery or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests the following relief:

1. Plaintiff takes nothing by virtue of the complaint;

2. Judgment be entered in favor of Defendant;

3. Defendant be awarded its costs and attorneys' fees; and

4. Defendant receive any other relief the Court deems just and proper.

Dated: June 9, 2008.

_____
Noah A. Levine
WILMER CUTLER PICKERING HALE AND
 DORR LLP
399 Park Avenue
New York, New York 10022
 (212) 230-8800 Telephone
 (212) 230-8888 Facsimile

*Attorney for Defendant Barclays Bank*